UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

DONALD NYBLOM,

    Plaintiff,

v.

TOWN OF DYER POLICE DEPARTMENT;
OFFICER O'DONNELL #164, individually
and in his official capacity; and OFFICER
JONATHON SICKLES #150, individually
and in his official capacity,

    Defendants.

CAUSE NO.: 2:22-CV-29-TLS

**OPINION AND ORDER**

This case arises out of the March 28, 2018 arrest of Plaintiff Donald Nyblom by Defendant Officers O'Donnell and Sickles. The Plaintiff filed a Complaint in the Lake County, Indiana, Superior Court against the Officers and the Town of Dyer Police Department, bringing federal constitutional claims under 42 U.S.C. § 1983 against the Officers (Counts I, II), Indiana state law claims of battery and intentional infliction of emotional distress against the Officers (Counts III, IV), and a claim of respondeat superior against the Town of Dyer Police Department (Count V). ECF No. 2. The Defendants removed the case on February 14, 2022. ECF No. 1. This matter is now before the Court on the Defendants' Motion for Partial Judgment on the Pleadings. ECF No. 15. For the reasons below, the Court grants the motion.

**LEGAL STANDARD**

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is governed by the same standard the Court uses when reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Katz-Crank v. Haskett*, 843 F.3d 641, 646 (7th Cir. 2016). "A motion

to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (citing Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997)). When reviewing a complaint attacked by a Rule 12(b)(6) motion, a court construes the complaint in the light most favorable to the non-moving party, accepts the factual allegations as true, and draws all inferences in the non-moving party's favor. *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## ANALYSIS

In their motion, the Defendants seek dismissal of the state law claims brought against Officers O'Donnell and Sickles individually based on immunity under the Indiana Tort Claims Act (ITCA) and dismissal of the Town of Dyer Police Department as an improper party defendant. The Plaintiff did not file a response, and the time to do so has passed.

Under the ITCA, "[a] lawsuit alleging that an employee acted within the scope of the employee's employment bars an action by the claimant against the employee personally." Ind. Code § 34-13-3-5(b); *see also Ball v. City of Indianapolis*, 760 F.3d 636, 645 (7th Cir. 2014) ("Under the [ITCA], there is no remedy against the individual employee so long as he was acting within the scope of his employment."); *Bushong v. Williamson*, 790 N.E.2d 467, 472 (Ind. 2003).

Although invocation of immunity under the ITCA is an affirmative defense, when the allegations of the complaint satisfy all elements of an affirmative defense, the claim can be dismissed. *See Moore v. Corizon Health Inc.*, No. 1:17-CV-987, 2018 WL 1522658, at *8 (S.D. Ind. Mar. 28, 2018) (citing *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)).

The Complaint alleges that, on March 28, 2018, Officers O'Donnell and Sickles were each "employed by the Town of Dyer Police Department" and were "on duty working as an officer of the Town of Dyer Police Department." Compl. ¶¶ 3, 4, 7, 8. The Plaintiff did not file a response brief and, thus, has not disputed that the Officers were acting within the scope of their employment for purposes of immunity under Indiana Code § 34-13-3-5(b).[1] Because the Officers were acting within the scope of their employment, they are entitled to immunity, and the Court grants the motion to dismiss the state law claims in Counts III and IV against the Officers in their individual capacities.

The Court also grants the motion to dismiss Defendant Town of Dyer Police Department because it is not a proper party defendant. "The Indiana statutory scheme does not grant police departments the capacity to sue or be sued." *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011); *see also Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (holding that a jail is a non-suable entity); *City of Peru v. Lewis*, 950 N.E.2d 1, 4 (Ind. Ct. App. 2011) ("The 'department' of a city is merely a vehicle through which government fulfills its policy

---

[1] The Court recognizes that the state law battery claim in Count III alleges that the Officers acted with "malice," Compl. ¶ 29, and that Indiana Code § 34-13-3-5(c)(3) provides that a lawsuit may be filed against an employee personally if it alleges that "an act or omission of the employee that causes a loss is . . . malicious." However, by not responding to the Defendants' motion to dismiss the claim against the Officers in their individual capacities under the ITCA, the Plaintiff has abandoned the claim against the Officers personally under § 34-13-3-5(c). *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) (recognizing the longstanding "rule that a person waives an argument by failing to make it before the district court" and applying the rule "where a party fails to develop arguments related to a discrete issue" and "effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss").

functions and is not a governmental entity until itself."). Because the Town of Dyer Police Department is not a proper party defendant, the Court does not reach the Defendants' alternative argument on the merits.

## CONCLUSION

For the reasons set forth above, the Court hereby GRANTS the Defendants' Motion for Partial Judgment on the Pleadings [ECF No. 15] and DISMISSES Counts III and IV against Defendants Officer O'Donnell and Officer Sickles in their individual capacities and DISMISSES Defendant Town of Dyer Police Department.

SO ORDERED on May 30, 2023.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT